IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE FRANCIS MILLER, SR., <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF VETERANS AFFAIRS, et al., <br><br> Defendants. | No. 2:17-CV-0759-KJM-DMC <br><br><br> FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendants' unopposed motion for summary judgment (ECF No. 24).

## I. BACKGROUND

### A. <u>Plaintiff's Allegations</u>

This action proceeds on plaintiff's second amended complaint. Plaintiff alleges:

> The Doctor George W. Chiu of the Department of Veterans Affairs, Sacramento, showed "absolute disregard in performing prostate surgery sealed off the drain to my right kidney.". . . In fact several procedures including a surgery was needed to <u>unseal</u> the right kidney drain, which Dr. George W. Chiu had <u>sealed</u> during prostate surgery. Then he denied this had happened and refused to address the problem.

ECF No. 13.

///

1

**B.** **Defendants' Evidence**

Defendants contend the following facts are undisputed:

1. On August 31, 2015, plaintiff submitted to the Department of Veterans Affairs an administrative tort claim regarding the allegations set forth in the complaint.

2. On March 1, 2016, the Department of Veterans Affairs sent plaintiff a letter via certified mail denying his claim.

3. Plaintiff filed the current action on April 10, 2017.

See ECF No. 24-2 (defendants' separate statement of undisputed facts).

Defendants' statement of undisputed facts is supported by the declaration of Michael Bartely, a paralegal specialist with the Department of Veterans Affairs responsible for administrative tort claims and exhibits attached thereto. See ECF No. 24-3, 24-4, 24-5, and 24-6.

## II. STANDARD FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

///

///

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could

properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

### III. DISCUSSION

In their unopposed motion to dismiss, defendants argue: (1) the court does not have jurisdiction over the Department of Veterans Affairs; and (2) plaintiff's claim against the United States of America is time-barred.

Suits against the United States and its agencies are barred by sovereign immunity. See Sigman v. United States, 217 F.3d 785, 792 (9th Cir. 2000). Defendants are correct that the Federal Tort Claims Act (FTCA), which governs this case, only waives sovereign immunity with respect to suits against the United States, not its agencies. See F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998). An agency of the United States, such as the Department of Veterans Affairs, cannot be sued under the FTCA. See id.

The court also agrees with defendants that this action, which may only proceed against the United States, is time-barred. Actions under the FTCA must be filed within six months of denial of the administrative tort claim. See 28 U.S.C. § 2401(b); Adams v. United States, 658 F.3d 928, 933 (9th Cir. 2011). In this case, the undisputed evidence establishes that plaintiff's administrative tort claim was denied on March 1, 2016, and that plaintiff's complaint was filed on April 10, 2017, well after the six month deadline for a timely claim.

Plaintiff has not offered any argument or evidence in opposition to defendants' motion.

///
///
///
///
///
///
///

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion for summary judgment (ECF No. 24) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 1, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE